**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1279-17T2

HENRY M. PRICE,

     Plaintiff-Respondent,

v.

NORTHFIELD AUTO BODY,
INC.,

     Defendant-Appellant.

_____

        Submitted November 28, 2018 – Decided December 14, 2018

        Before Judges Currier and Mayer.

        On appeal from Superior Court of New Jersey,
        Law Division, Essex County, Docket No. L-0271-17.

        Michael K. Fielo, attorney for appellant.

        Respondent has not filed a brief.

PER CURIAM

     Defendant Northfield Auto Body, Inc. (Northfield) appeals from two

March 10, 2017 orders: an order issuing a writ of replevin in favor of plaintiff

Henry M. Price (Price)[1] and an order dismissing Northfield's counterclaim. Northfield also appeals from a May 4, 2017 order denying its motion for reconsideration. We reverse.

This matter arises from Price's action seeking the return of a car, specifically a 2015 Dodge Challenger, stored at Northfield's place of business. Manny Melvin (Melvin) bought the car in May 2015. Melvin required financing to complete the purchase of the vehicle, and Price co-signed the financing agreement. The car was titled in Melvin's name.

On September 1, 2015, the car was involved in an accident. Melvin had the car towed to Northfield on September 3, 2015 because Melvin was friendly with Northfield's owner. Melvin explained he anticipated money from his insurance carrier to pay for the needed repairs. On October 15, Melvin informed Northfield there was no insurance coverage for the accident. Two weeks later, Melvin told Northfield he was negotiating a loan and would provide a check for the car repairs within ten days. Based on Melvin's representations, Northfield allowed the car to remain on its lot.

---

[1] In May 2018, Price notified the Appellate Division Clerk's Office that he was not participating in this appeal because he sold the item that was the subject of his replevin action more than a year earlier and Northfield never requested security concerning the item.

Melvin never sent a check to Northfield for the car repairs, and the car remained at Northfield for the next fifteen months. Because there were no funds to repair the car, Northfield notified Melvin storage charges would be assessed until Melvin reclaimed the vehicle. Beginning in December 31, 2015, Northfield left voicemail messages for Melvin regarding the accumulating storage fees. In January and February 2016, Northfield continued leaving voicemail messages for Melvin requesting payment of the storage fees for the car.

Northfield eventually spoke to the lienholder of the financed vehicle, and demanded the lienholder remove the car and pay the storage fees. If the car remained unclaimed and the outstanding storage fees unpaid, Northfield advised it would seek title to the car.

In June 2016, Northfield spoke to Melvin, who again represented he would deliver a check for the car repairs. No funds for the car repair were tendered to Northfield.

In the fall of 2016, Melvin fell behind on the vehicle's payments. Price, as co-signor of the financing agreement, decided to pay off the loan and took title to the car on December 12, 2016.

 A-1279-17T3

On that date, Northfield sent a certified letter to Price that it considered the car abandoned. In addition, Northfield requested payment of the storage fees in the amount of $41,199.22. Price responded in a letter dated December 14, 2016, demanding Northfield release the car without payment of the storage fees.

On January 11, 2017, Price filed a verified complaint for replevin against Northfield, demanding possession of the car. In addition, Price sought damages against Northfield for the diminution in the car's value while it remained on Northfield's lot. Price also filed an order to show cause (OTSC),[2] arguing Northfield was estopped from claiming entitlement to storage fees because Northfield assured Melvin no storage fees would be assessed.

On March 1, 2017, Northfield filed an answer and counterclaim.[3] Northfield asserted a lien on the car pursuant to the Garage Keepers and Automobile Repairmen Act, N.J.S.A. 2A:44-20 to -31 (Act). In addition, Northfield demanded judgment against Price and Melvin for the unpaid storage fees.

---

[2] The OTSC was not included in the appendix.

[3] Northfield's caption in the filed responsive pleading asserts a third-party claim against Melvin and Price. However, the document is labeled "answer and counterclaim to verified complaint for replevin." In the body of Northfield's "counterclaim," Melvin is identified as "third-party defendant."

Northfield also filed a certification in opposition to Price's OTSC. Northfield argued it was entitled to storage fees pursuant to the Act's garage keeper's lien, and explained Melvin was aware of the charges as early as December 2015. On March 10, 2017, the return date of the OTSC, the judge heard argument. At the conclusion of the argument, the judge determined Northfield had a viable garage keeper's lien claim against Melvin and was not estopped from charging storage fees because Melvin knew the fees were being assessed. The judge found there was no certification to the contrary from Melvin regarding the storage charges.

However, the judge deemed the lien improper, finding Price had not given his consent to store the vehicle and therefore Northfield could not assert a lien against Price for Melvin's unpaid storage fees. As a result of this finding, the judge sua sponte dismissed Northfield's counterclaim.

Northfield filed a motion for reconsideration, arguing the judge's sua sponte dismissal of its counterclaim was erroneous because the judge improperly treated Price's OTSC as a motion for summary judgment. In addition, Northfield argued on reconsideration that it was denied the opportunity to conduct discovery. On May 4, 2017, the judge denied the reconsideration motion.

A-1279-17T3

On appeal, Northfield argues issuance of the writ of replevin was erroneous as a matter of law and the judge improperly dismissed the counterclaim thus depriving it of notice and an opportunity to be heard.

A "trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference[.]" Estate of Hanges v. Metro. Prop. & Cas. Ins. Co., 202 N.J. 369, 382 (2010) (quoting Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

We first examine whether Northfield had a possessory lien on the car pursuant to the garage keeper's lien under the Act. In accordance with N.J.S.A. 2A:44-21:

> [a] garage keeper who shall store, maintain, keep or repair a motor vehicle . . . at the request or with the consent of the owner or his representative, shall have a lien upon the motor vehicle . . . for such storing, maintaining, keeping or repairing of such motor vehicle . . . and may, without process of law, detain the same at any time it is lawfully in his possession until the sum is paid. A motor vehicle is considered detained when the owner or person entitled to possession of the motor vehicle is advised by the garage keeper, by a writing sent by certified mail return receipt requested to the address supplied by the owner or person entitled to possession of the motor vehicle, that goods or services have been supplied or performed, and that there is a sum due for those goods or services.

A-1279-17T3

In this case, it was undisputed Northfield had a possessory lien against the car. The judge found the following facts, which were not disputed by Price: Northfield was a garage keeper in accordance with the Act; the car was towed at Melvin's request to Northfield's place of business; and Northfield sent the required certified mail letter demanding payment of the storage fees for the car.

However, the judge mistakenly concluded that, because Price did not consent to the storage of the vehicle, Northfield's lien against Price was improper. Nothing in the Act suggests a subsequent holder of title to a vehicle is absolved from imposition of a possessory lien. The garage keeper's lien addresses only the superiority of certain interests acquired prior to imposition of a possessory lien. In this case, Price admittedly purchased the car after the possessory lien attached.

In addition, the judge's issuance of a writ of replevin on the return date of the OTSC deprived Northfield of any opportunity to prove Price acquired title to the car with full knowledge of Northfield's lien. Northfield explained it sought discovery to explore the relationship between Price and Melvin, and show the two conspired to circumvent the lien by transferring title to the car and avoiding payment of the storage fees.

Having considered the record, we are satisfied the judge's issuance of the writ of replevin granting possession of the car to Price was premised upon a misapplication of the garage keeper's lien under the Act. While Price may not have consented to the storage charges, his purchase of the car after the lien attached did not invalidate Northfield's lien.

We next consider Northfield's argument that the judge improperly converted the matter, sua sponte, to a motion for summary judgment on the counterclaim. We review a grant of summary judgment de novo, applying the same standard as the trial court. Henry v. N.J. Dep't of Human Servs., 204 N.J. 320, 330 (2010). Summary judgment shall be granted if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). Considering the evidence "in the light most favorable to the non-moving party," we must determine whether it would be "sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

The parties appeared before the judge prior to any exchange of discovery in this matter. The judge considered Melvin's certification attached to Price's verified complaint without allowing Northfield an opportunity, through discovery, to refute the claims in Melvin's certification. Rule 4:61-1, governing the issuance of a writ of replevin, allows the taking of testimony pursuant to Rule 1:6-6. Rule 1:6-6 allows the court to "direct the affiant to submit to cross-examination, or hear the matter wholly or partly on oral testimony or depositions."

In this case, Melvin was not available to be cross-examined by Northfield's attorney regarding his verification of facts in the complaint. Northfield submitted a certification and documents contesting many of the facts asserted by Melvin. However, no opposing certification was submitted by Melvin. At a minimum, the judge should have allowed Northfield an opportunity to depose Melvin before dismissing the counterclaim.

We are convinced the judge improperly converted the proceeding on March 10, 2017 to a motion for summary judgment absent the filing of a formal application, on notice to Northfield, seeking dismissal of the counterclaim. We have expressly disapproved of judicial proceedings where a trial court sua sponte institutes a summary procedure to dismiss a cause of action. See Klier

9

v. Sordoni Skanska Const. Co., 337 N.J. Super. 76, 83 (App. Div. 2001). The primary goal of our courts is to "adjudicate cases fairly and impartially. Shortcuts should not be utilized at the expense of justice." Ibid. In addition, there were genuine disputed issues of material fact as to a novation or delegation of Melvin's obligation for the payment of storage fees to Price. These facts, taken in the light most favorable to Northfield, precluded dismissal of the counterclaim by way of summary judgment.

For the reasons expressed in this opinion, we reverse. Because we reverse the court's orders dated March 10, 2017, we need not consider Northfield's argument regarding the denial of its motion for reconsideration.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION